UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOVELL FARRIS and
SCHAFFER INVESTMENTS, LLC,

                  Plaintiffs,                      No. 09-CV-14094-DT

vs.                                          Hon. Gerald E. Rosen

JPMORGAN CHASE BANK, N.A., et al.,

                  Defendants.

_____/

ORDER DENYING PLAINTIFFS' MOTION TO REMAND

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____January 28, 2010_____

PRESENT:   Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), removed this

mortgage foreclosure action to this Court from the Wayne County Circuit Court on

October 16, 2009, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the

basis for removal.  It is undisputed that Plaintiffs are citizens of the State of Michigan and

Defendant JPMorgan Chase Bank is a citizen of the State of Ohio.  Defendant LPS Field

Services, Inc. a/k/a Fidelity Information Services, Inc. ("LPS"),[1] which was later served

and concurred in removal, is a Delaware corporation, and, according to its website, is

_____

[1] LPS states that it was incorrectly identified in Plaintiffs' Complaint as Fidelity Information Services, Inc.  According to LPS's website, the spinoff of LPS from Fidelity occurred in 2008.

headquartered in Jacksonville, Florida.  According to Plaintiffs' Complaint, "Defendant

John Doe, upon information and belief, is an employee and/or agent and/or independent

contractor of Defendant Fidelity and/or some or all of the other Defendants, and who,

upon information and belief, resides in the State of Michigan and conducts business in the

County of Wayne, State of Michigan."  [Complaint, ¶ 7.]

Plaintiffs now have moved to remand this case to state court.  Defendants

JPMorgan Chase and LPS have responded.  Plaintiffs' motion is based upon their

"information and belief" assertion that the "John Doe" defendant is citizen of Michigan.

It is well-established, however, that for purposes of removal, "the citizenship of

defendants sued under fictitious names *shall be* disregarded."  28 U.S.C. § 1441(a)

(emphasis added).  Therefore, the inclusion of "Doe" defendants in a state court

complaint has no effect on removability.  Schwarzer, Tashim & Wagstaffe, RUTTER

GROUP PRAC. GUIDE:  FED. CIV. PRO. BEFORE TRIAL, ¶¶ 2:688-2:689.2 (The

Rutter Group 2009).  In determining whether diversity of citizenship exists, only the

named defendants are considered.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91

(9th Cir. 1998).  *See also Alexander v. Electronic Data Systems, Inc.*, 13 F.3d 940, 948

(6th Cir. 1994) ("It is clear that "Jane Doe" is a fictitious name. . . and plaintiff never

identified the alleged person who was "EDS' Personnel Manager in Michigan in [sic]

within the time period covered.  Section 1441(a) compels that this "named" defendant be

disregarded for purposes of diversity jurisdiction." *Id.*); *Universal Communication*

*Systems, Inc. v. Lycos, Inc.*, 478 F.3d 413, 426 n. 10 (1st Cir.2007); *Australian Gold, Inc.*

*v. Hatfield*, 436 F.3d 1228, 1235 (10th Cir.2006); *Howell by Goerdt v. Tribune*

*Entertainment Co.*, 106 F.3d 215, 218 (7th Cir.1997).

The foregoing authorities make clear that Plaintiffs' motion to remand is without merit.

Therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand **[Dkt. # 5]** is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  January 28, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2010, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager